VILLAGE OF BAY *v.* THE UNITED STATES FIDELITY &
GUARANTY CO.

*Municipal corporations—Surety bond by allotter to improve
streets—Action by municipality against surety for cost of
completing streets—Pleading—Court not required to ex-
amine bond attached to petition, when—Allegations of pe-
tition alone considered on demurrer thereto, when—Dedi-
cation and acceptance of streets—Statutory requirement
not limitation upon municipal right to improve streets—
Section 3723, General Code—Fee vests in municipality
upon acceptance and recording of plat—Section 3584 et
seq., General Code—Acceptance by mayor and clerk
authorized by resolution—Municipality may contract with
allotter to improve streets—Measure of damages for
breach by allotter—Surety liable to municipality for ex-
pense of completing streets.*

1. In action by village to recover cost of slagging and com-
   pleting streets, surety bond, given by realty company to
   secure performance of agreement to complete streets, can-
   not be attached to pleading and made part thereof so as
   to make it duty of court to examine contents of bond and
   determine whether it aids allegations of petition.

2. In determining whether petition by city to recover cost of
   slagging and completing streets is demurrable allegations
   of petition alone will be looked to by Court of Appeals.

3. Section 3723, General Code, providing that dedicated street
   shall not be deemed public street, unless dedication is
   accepted and confirmed by ordinance, is not limitation on
   general powers of municipal corporation to open and im-
   prove streets, but is restriction on power possessed by
   others of imposing burdens and responsibilities on cor-
   porations.

4. Under Sections 3584 to 3586, General Code, owner of ground
   dividing land for purpose of sale may cause plat of same
   to be prepared, showing streets, and, when plat is accepted
   by municipality and recorded, fee of streets vests in
   municipality in trust for uses intended.

5. Compliance with Sections 3584 to 3586, General Code, re-

specting making and recording of plat conveying streets to city, including approval of the plat by the council, vests title to streets in city without further action under Section 3723, providing for acceptance of dedicated streets by ordinance.

6. Petition, alleging that village by resolution authorized mayor and clerk to approve plat showing streets to be conveyed to village, and that plat was so approved and recorded, is sufficient to show acceptance of title to streets by municipality under Sections 3584 to 3586, General Code.

7. Village, having exclusive control over streets, may contract with company desiring to open allotment for improvement of streets therein, in consideration of village council approving and permitting recording of plat dedicating streets, and, on failure of company to improve streets as agreed, city has right of action for breach of contract.

8. On breach of contract by company contracting to improve streets in consideration of city's approving and permitting recording of plat dedicating streets in its allotment, measure of damages to city is reasonable cost of completing work; it being immaterial that work has not been done or completed by city.

9. Under surety bond, given to secure performance of contract with city to improve streets in consideration of city approving and permitting recording of plat dedicating streets, city may recover expense of doing work against surety company on breach of contract by principal.

(Decided May 10, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Landfear, Baskin & Price,* for plaintiff in error.

*Messrs. Stearns, Chamberlain & Royon,* for defendant in error.

WILLIAMS, J. The plaintiff, the village of Bay, brought an action in the court of common pleas

of Cuyahoga county against the defendant, the United States Fidelity & Guaranty Company, to recover the cost of slagging and completing the grading of certain streets in the village of Bay. A general demurrer to the amended petition was sustained, and, the plaintiff not desiring to plead further, final judgment was entered in favor of the defendant. This proceeding in error is brought to reverse that judgment, and the only question presented is whether or not the amended petition states facts sufficient to constitute a cause of action.

In substance, the amended petition alleged that the plaintiff was a municipal corporation and the defendant a surety corporation; that the Municipal Realty Company was a corporation engaged in the real estate business, and that it proposed to allot certain real estate in the village of Bay; that said realty company presented to the council of the village of Bay for approval a plat of said allotment, showing thereon certain streets as dedicated to said village as public thoroughfares; that the council of said village, as a condition of its approval of the plat, required that such streets be graded and slagged to the satisfaction of the council, or a bond be given securing such improvements within a time specified by council; that, at the time the plat was presented to council, the realty company promised and agreed, as a consideration for the approval of its plat by plaintiff's council, that it would, within two years from the 4th day of April, 1922, grade and slag the streets specified in the allotment 9 feet in width and 6 inches deep, to the satisfaction of the council, and give bond to secure the installation of said improvements within the

time aforesaid; that said company presented to the council with said plat a bond in the principal sum of $4,000, executed by the defendant as surety, conditioned for the faithful performance within the time specified of the agreement made by the Municipal Realty Company; that, in consideration of the agreement on the part of the realty company, and the giving of said bond, the village of Bay duly adopted a resolution accepting the bond with the defendant as surety thereon, and authorizing the mayor and clerk to approve said plat for and on behalf of the plaintiff village; that the mayor and clerk approved said plat, and the same was duly recorded by the realty company on the 13th of May, 1922, and several lots were sold and homes erected on the ground platted; that the condition of the bond was broken, in that the realty company to date has failed to complete the grading of said streets and has failed to slag the same; that the cost of completion of the grading would be $523, and the cost of slagging $2,890; and that plaintiff has duly notified the defendant of the default on the part of the realty company, and defendant refuses to comply· with the obligation of the bond.

A copy of the bond is attached to the amended petition, and the pleader, by recitals therein, attempts to make it a part thereof. A surety bond of this character cannot properly be attached to the pleading and made a part thereof, so as to make it the duty of the court to examine its contents and determine whether it aids the allegations of the amended petition. *State* v. *Collins,* 82 Ohio St., 240, 92 N. E., 439. We therefore look to the allega-

tions of the amended petition alone in determining whether or not it is demurrable. We may say in passing, however, that, if we look to the bond and give it the liberal interpretation required under the rule laid down in *Royal Indemnity Co.* v. *Northern Ohio Granite & Stone Co.*, 100 Ohio St., 373, 126 N. E., 405, 12 A. L. R., 378, there is nothing contained therein which is inconsistent with the allegations of the amended petition.

It affirmatively appears that the two-year period, within which the realty company agreed to complete the work, elapsed before the action was begun in the court below.

The defendant in error claims that the petition is defective for two reasons: First, because it appears therefrom that the village of Bay has not accepted the dedication of the streets in the allotment; and, second, because it appears that the work of slagging the streets and completing the grading thereof is still undone, and therefore the plaintiff has suffered no damages. We will discuss these contentions of the defendant in error in order.

Did the village of Bay accept the dedication of the streets?

It is contended that there has been no such acceptance under the provisions of Section 3723, General Code, which reads as follows:

"No street or alley dedicated to public use by the proprietor of ground in any corporation, shall be deemed a public street or alley, or under the care or control of the council, unless the dedication is accepted and confirmed by an ordinance specially passed for such purpose."

This section, however, was not intended as a

limitation upon the general powers of a corporation in opening and improving streets, but as a restriction of the power possessed by others of imposing burdens and responsibilities upon the corporation. *Wisby* v. *Bonte,* 19 Ohio St., 238, 247; *Hermann* v. *Spitzmiller,* 24 C. C., (N. S.), 20, 22, 34 C. D., 453. It will be observed that in the section quoted no reference is made to plats and the recording thereof, but the section applies more particularly to the owner of ground who undertakes to dedicate a street to public use by means other than a plat. It might well cover instances in which that is done by means of a plat, were not such a situation actually covered by Sections 3584, 3585, and 3586, General Code. These sections read as follows:

Section 3584. "A proprietor of lots or grounds in a municipal corporation, who subdivides or lays them out for sale, shall cause to be made an accurate map or plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons or other public uses. Lots sold, or intended for sale, shall be numbered by progressive numbers, or described by the squares in which situated, and the precise length and width shall be given of each lot sold, or intended for sale. Such map or plat shall be subscribed by the proprietor, or his agent, duly authorized by writing, acknowledged before an officer authorized to take the acknowledgment of deeds, who shall certify the acknowledgment of the instrument, and recorded in the office of the recorder of the county."

Section 3585. "The map or plat so recorded

shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended.''

Section 3586. ''When there are on record plats adopted by a platting commission or board of public works, no such map or plat of any addition within the limits of a municipal corporation shall be recorded until the engineer thereof certifies that the streets, as laid down on the plats of such addition, correspond with those laid down on the recorded plats of the platting commission or board of public works. When there are streets laid down in addition to those adopted by a platting commission or board of public works, or in any municipal corporation where no platting commission is or has been in existence, no such plat shall be recorded until it has been approved by the council of the municipal corporation.''

It appears from these sections that an owner of ground within a municipality who divides it for purposes of sale may cause a plat of the same to be prepared showing the streets thereon, and that, when such plat is accepted by the municipality, and recorded, the fee of the streets thereof vests in the municipality in trust for the uses and purposes intended. The Supreme Court of Ohio has construed this section in *Kellogg* v. *Cincinnati Traction Co.,* 80 Ohio St., 331, 88 N. E., 882, 23 L. R. A., (N. S.), 158, 17 Ann. Cas., 242. After quoting a

part of Section 3584, the court, at page 343 (88 N. E., 884) says:

"When such map has been properly acknowledged and *approved by the council of the city* and recorded in the office of the recorder of the county, it shall be deemed a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended."

We are of the opinion that, by a proper construction of these three sections, a compliance with them in every respect, including the approval of the plat by the council of the municipality, vests a title to the streets in that municipality, and that no other or further action under Section 3723 by way of ordinance is necessary. The amended petition, therefore, in alleging that the village of Bay, by resolution, authorized the mayor and clerk to approve the plat for and on behalf of the village, and that the mayor and clerk approved said plat and the same was duly recorded, avers sufficient facts to show acceptance of title to the streets by the municipality. It will be observed that under Section 3585 the recording of the plat is not regarded as a dedication, but is a "conveyance to vest in the municipal corporation the fee" to the streets in trust for street purposes. The facts alleged show an acceptance of such "conveyance," or of the dedication, if it may be called such.

Does it appear from the amended petition that

the plaintiff has suffered no damage because the work is incomplete?

The contention on the part of the defendant in error is that the village of Bay is under no obligation to complete the work of grading or do the work of slagging, and has not suffered any damage by reason of the fact that the work is incomplete or undone. We believe this position is untenable.

The council of the village has exclusive control of the streets and the improvement thereof, and might contract with one desiring to open an allotment, and sell lots, for the improvement of the streets of the allotment in consideration of the council of the village approving the plat and permitting recording thereof, and, upon failure of the company opening the allotment to improve the streets, as agreed, and within the time agreed, a right of action would arise in favor of the municipality for the breach of the contract by failure of the company to complete the contract, and the measure of damages would be the reasonable cost of doing or completing the work, and it is immaterial that the work has not been done or completed by the municipality. *Railway Co.* v. *Village of Carthage,* 36 Ohio St., 631. It appears from the facts alleged that the surety bond was given to secure the performance of such a contract, and therefore, upon breach, the expense of doing the work may be recovered. *Wilson* v. *Stilwell,* 9 Ohio St., 467, 75 Am. Dec., 477.

Giving a liberal construction to the amended petition, as required by the Code of Civil Procedure, we find that it states facts sufficient to constitute a cause of action. The judgment of the court below will therefore be reversed, and the cause remanded,

with directions to overrule the demurrer to the amended petition and for further proceedings according to law.

*Judgment reversed.*

RICHARDS, P. J., and YOUNG, J., concur.

Judges of the Sixth Appellate District, sitting in place of Judges LEVINE, SULLIVAN and VICKERY, of the Eighth Appellate District.