FONDRIEST, JR., ET AL. *v.* VILLAGE OF DENNISON.*

[Cite as Fondriest v. Village of Dennison, 8 Ohio Misc. 75.]

(No. 37735—Decided July 13, 1966.)

Common Pleas Court of Tuscarawas County.

*Mr. Robert J. Swan*, for plaintiffs.
*Mr. Danny D. Johnson*, city solicitor, for defendant.

---

*No appeal taken.

LAMNECK, J. The plaintiffs in this action are the owners of Lots 1811, 1812, 1813 and 1814 in the incorporated Village of Dennison, Ohio. The mayor and councilmen of said village are the defendants.

The plaintiffs pray in their petition for a declaratory judgment determining the status of a purported alley extending east and west between Fourth and Fifth Streets in said village and which lies north of plaintiffs' lot number 1814, and for an injunction restraining the defendants from interfering with their use of said purported alley which abuts lot number 1814 on the ground that the same is private property.

The plaintiffs contend first that said purported alley is not, in fact, a duly dedicated and accepted thoroughfare in that the plat on which the purported alley is delineated was not legally drawn and was not properly accepted by ordinance as required by law; and second that if said dedication existed, said purported alley has been abandoned.

The lots of the plaintiffs and the purported alley are included in a plat designated as "Plat of Geo. S. McCaw's— Addition to the Village of Dennison, Ohio," filed in the Recorder's Office of Tuscarawas County, Ohio, on September 15, 1920, and included the whole of four purported streets and three purported unnamed alleys, and lots numbered 1687 to 1753. inclusive.

The defendants, at the close of all the evidence, raised a question as to whether the village of Dennison was properly in court. If such an issue existed, it was waived by a general denial filed in this court by the defendants on behalf of the village of Dennison as its answer to the petition.

Another serious matter in this case is whether all necessary parties are defendants to this action. It appears from the plat offered in evidence that property owners of lots, other than the plaintiffs, whose lots abut the alleged alley in question might be adversely affected if the court should declare that the alley never legally existed or if it did that it had been abandoned.

Assuming however that all necessary property owners are before the court, there are two issues remaining for the court to decide:

1. Was the alley in question in the alleged plat of lots

known as Geo. S. McCaw's—Addition to the village of Dennison, Ohio, duly conveyed to and accepted by said village?

2. If properly conveyed and accepted, was the purported alley abandoned by non-use or acquired by an adjoining owner or owners by adverse possession?

The said plat, dated August 2, 1920, properly acknowledged and witnessed, contains the following:

"We, Geo. S. McCaw, Theodore Lanning, J. H. Lanning, and Mary E. Long, owners and proprietors of Geo. S. McCaw's Addition to the village of Dennison, Ohio, do hereby acknowledge the accompanying plat and descriptive notes to be a correct exhibit of Geo. S. McCaw's Addition to the village of Dennison, Ohio, by us caused to be platted. The streets and alleys shown on the accompanying plat are hereby dedicated to public use."

The only action of the council of the village of Dennison, Ohio, pertaining to the acceptance of said plat is dated August 7, 1920, and reads as follows:

"A motion was made by Burroway and seconded by Polen that the Plat of George S. McCaw's addition to village of Dennison, Ohio, be accepted. Motion carried."

The court infers from the evidence adduced that the land which was platted on August 2, 1920, and known as "Geo. S. McCaw's—Addition to the Village of Dennison, Ohio," was in the corporate limits of the Village of Dennison before August 2, 1920.

It is contended by the plaintiffs that the village of Dennison did not accept the dedication of streets and alleys as set forth in said plat as required by Section 3723, General Code, in effect at the time the plat was filed. Said section is now known as Section 723.03, Revised Code.

Section 3723, General Code, in effect on August 7, 1920, now Section 723.03, Revised Code, reads as follows:

"No street or alley dedicated to public use by the proprietor of ground in any corporation, shall be deemed a public street or alley, or under the care or control of the council, unless the dedication is accepted and confirmed by an ordinance specially passed for such purpose."

It is conceded that said plat was accepted by resolution and

no ordinance was ever passed concerning the same. Section 3723, General Code, now Section 723.03, Revised Code, contains no reference to plats and the recording thereof, but it applies more particularly to the owner of ground who undertakes to dedicate a street or alley to public use other than by means of a plat. (See *Bay Village* v. *Fidelity & Guaranty Co.*, 24 Ohio App. 73.)

Sections 3584 and 3585, General Code, in effect when the plat herein was filed, now Sections 711.06 and 711.07, Revised Code, apply to streets and alleys dedicated to public use which are shown on a plat. These sections at that time read as follows:

"Section 3584. Plat of subdivision; acknowledgment and record. A proprietor of lots or grounds in a municipal corporation, who subdivides or lays them out for sale, shall cause to be made an accurate map or plat of such subdivision, describing with certainty all grounds laid out or granted for streets, alleys, ways, commons or other public uses. Lots sold, or intended for sale shall be numbered by progressive numbers, or described by the squares in which situated, and the precise length and width shall be given of each lot sold, or intended for sale. Such map or plat shall be subscribed by the proprietor, or his agent, duly authorized by writing, acknowledged before an officer authorized to take the acknowledgment of deeds, who shall certify the acknowledgment of the instrument and recorded in the office of the recorder of the county."

"Section 3585. Fee shall vest in municipality. The map or plat so recorded shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended."

Former Section 3584, General Code, now Section 711.06, Revised Code, was construed by the Supreme Court of Ohio in *Kellogg* v. *Traction Co.*, 80 Ohio St. 331. Referring to the map, the court said on page 343:

"When such map has been properly acknowledged and approved by the council of the city and recorded in the office of the recorder of the county, it shall be deemed a sufficient conveyance to vest in the municipal corporation the fee of the par-

cel or parcels of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes in the instrument set forth and expressed, designated, or intended.''

The approval of council may be made by simple resolution of council and the passage of an ordinance is not necessary. See *Bay Village* v. *Fidelity & Guaranty Co.*, 24 Ohio App. 73, Syllabus 6; Section 3586, General Code, now Section 711.08, Revised Code.

The court must therefore conclude that an owner of land within a municipality who divides it for purposes of sale may cause a plat of the same to be prepared showing the streets and alleys thereon, and that when said plat is made, subscribed, acknowledged and filed as provided by former Section 3584, General Code, now Section 711.06, Revised Code, and accepted by the municipality by resolution of council as provided by Section 3586, General Code, now Section 711.08, Revised Code, the fee of the streets and alleys delineated on said plat vests in the municipality in trust for the uses and purposes intended.

Where a municipality has land within its territorial limits granted to it for streets and alleys for the use of the public, it may divest itself of title of the whole or part thereof:

1. By vacating the whole or part of an established street or alley as provided by Sections 723.04 *et seq.*, Revised Code;

2. By utterly abandoning the same;

3. By adverse possession.

There has been no proceeding to vacate the portion of the alley involved in this case as provided by Section 723.04 *et seq.*, Revised Code.

It has been held that any disused portion of a highway, if utterly abandoned, becomes vacated by operation of law. See *Howell* v. *Commissioners*, 14 O. C. C. (N. S.) 577. In order to work an abandonment by non-use, such non-use must have extended over a period of twenty-one years. (See *Nail & Iron Co.* v. *Furnace Co.*, 46 Ohio St. 544.)

There has been no utter abandonment of the portion of the alley in controversy in this case by non-use.

A street or alley is not abandoned even if it is in bad condition, difficult to use, impassable at times, or if no work was done upon it, if the municipality has exercised some dominion over it.

In this case there is evidence that there has been some public travel upon the portion in question; that the municipality cut the grass at times in the past; that a telephone pole was erected on the portion of the alley in question; and that the municipality ran a water line to the plaintiffs' residence within its confines, all within the past twenty-one years.

Neither has any one gained title to any portion of the alley in question by adverse possession. The occupation of an entire street or portion thereof by an adjoining owner to the exclusion of the public for the purposes for which it was dedicated constitutes adverse possession if continued for twenty-one years. (See *Mott* v. *Toledo,* 17 O. C. 472; *Seese* v. *Maumee,* 7 O. C. C. (N. S.) 497.) There is no evidence that there was such an occupancy.

Section 2305.05, Revised Code, former Section 11220, General Code, provides that where a street or alley has not been opened for public use, an adjoining property owner who fences it for twenty-one years, and remains in open and uninterrupted possession thereof for that period of time gains title by adverse possession. There is no evidence in this case that any portion of the alley in question has ever been fenced.

It will therefore be held that the village of Dennison has fee title to the portion of the alley in controversy in this case in trust for public use, as provided by said plat and that the plaintiffs have no private interest in said alley to the exclusion of the public or the village of Dennison. Injunction denied.

Exceptions noted.

*Injunction denied.*