EGGERT ET AL., APPELLANTS, *v.* PULEO ET AL., APPELLEES.

[Cite as *Eggert v. Puleo* (1993), 67 Ohio St.3d 78.]

(No. 92–1933—Submitted June 2, 1993—Decided August 11, 1993.)

*Hermann, Cahn & Schneider, Anthony J. Hartman* and *Bradford R. Carver,* for appellants.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Michael T. Gavin* and *Eli Manos; Hendershott & Soukup Co., L.P.A., Howard E. Hendershott, Jr.* and *Michele A. Kisatsky,* for appellees.

ALICE ROBIE RESNICK, J.  R.C. Chapter 711 details the process through which a proposed subdivision is platted, approved, and developed.  For purposes of this case, we are concerned primarily with provisions of that chapter which relate to the way a proposed roadway in a plat eventually becomes a public street.  Two principal issues must be addressed: (1) Has Moreland Hills acquired a fee interest in the disputed parcel of land? and (2) If so, what are the consequences of that determination upon the enforceability of the restrictive covenant?  For the reasons which follow, we agree with the conclusion reached by the trial court and the court of appeals that Moreland Hills now holds a vested fee interest in Sublot 37, and that therefore the restrictive covenant is not enforceable against appellees.  While we do not totally accept the analysis employed by the trial court and the court of appeals, we approve of the result.  We affirm the judgment of the court of appeals.

Although the precise issues we consider are relatively narrow, the resolution of these issues requires us to consider some peripheral issues regarding R.C. Chapter 711 which do not have direct application to this case, but which become relevant when the statutory structure regarding platting is considered as a whole.

## I

R.C. 711.06 provides that one who wishes to subdivide lots in a municipal corporation "shall make an accurate plat of such subdivision * * *."  This plat must be subscribed and acknowledged, and "shall be recorded in the office of the county recorder."  R.C. 711.07 explains the effect of the recording: "the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation

the fee of the parcel of land designated or intended for streets, * * * to be held in the corporate name * * *."

The recording of the plat, however, may not take place until the plat is first approved. Both R.C. 711.08 and 711.09 provide that no plat of a subdivision of land "shall be recorded until it has been approved * * *." The method of approval varies depending upon the circumstances. Once approval is granted, recording follows, and the municipal corporation becomes the fee owner of the land designated in the approved plat as proposed public streets.

In *Bayer v. N. College Hill* (1986), 31 Ohio App.3d 208, 211, 31 OBR 478, 481, 510 N.E.2d 400, 403, the Court of Appeals for Hamilton County observed that "[f]ee title to land dedicated to public use vests in the municipality upon recording of a properly acknowledged subdivision plat in the office of the county recorder. R.C. 711.06 and 711.07."

## A

Appellants contend that the procedure for approval and subsequent recording of the plat set out in R.C. 711.06 and 711.07 does not apply in this case. Appellants' argument basically focuses on their position that the village of Moreland Hills has chosen to alter the procedure for platting contained in R.C. Chapter 711. Appellants assert that Moreland Hills, through the employment of the provisions of R.C. 711.101 and 711.09 and pursuant to its home rule powers, has chosen to vary the standard statutory procedure for plat approval.

In particular, appellants urge that Moreland Hills has permissibly substituted its own procedure for approving a submitted plat, so that the provision in R.C. 711.07 that the fee passes upon recording does not apply. Appellants principally rely on the provision of R.C. 711.09 that when a village formulates its own regulations regarding approval of a plat, the village plan "shall be in lieu of the approvals provided for by any other section of the Revised Code * * *." Appellants also point to the provision of R.C. 711.101 that a municipal corporation's general rules "may require the submission of plans and specifications for the improvements set forth in this section for approval as a condition precedent to the approval of a plat * * *." Appellants contend that Moreland Hills has created its own procedure for the platting process through both a general village ordinance (setting forth the village's platting procedures) and a specific village ordinance through which the plat at issue in this case was approved "for record purposes only."

Moreland Hills Codified Ordinance 1111.01 is the general village platting ordinance. This ordinance sets forth the platting procedure and the method of plat approval in Moreland Hills. Because appellants' argument relies heavily on

their interpretation of this ordinance, a consideration of its relevant provisions is required.

Section 1111.01(e) of the village platting ordinance provides that if a submitted plat is approved, "the Clerk of Council shall sign such plat under the statement 'Plat approved for record purposes only by the Council of the Village of Moreland Hills'." Section 1111.01(f) provides that "[t]he plat so approved shall then be filed for record in the office of the Recorder of Cuyahoga County." Appellants argue that this approval is conditional, and that subsequent provisions in this ordinance actually indicate when final approval occurs. Appellants refer to Section 1111.-01(j) of the ordinance, which provides that if the developer complies with all requirements imposed by the platting rules, and "provided that the areas offered for dedication conform with the areas shown on the plat originally approved by the Village, Council will approve such plat of dedication and accept the street and lands offered for dedication." Section 1111.01(k) then provides that this approved plat of dedication shall be filed for record in the county recorder's office.[1]

Appellants contend that this ordinance sets forth a coherent scheme which contemplates that two separate approvals are to be made of a plat, and that two distinct record filings are to be made. Appellants claim that the first approval is preliminary only, and the filing following that approval is "for record purposes only." According to appellants, it is the second approval, followed by the second recording, which constitutes final approval of the proposed plat, and it is only at this time that the fee passes pursuant to Moreland Hills' platting scheme. Appellants buttress their argument by citing the provision of R.C. 711.101 that a village "may require the actual construction or agreement or assurance of such construction as a condition precedent to the approval required under those sections."

Moreland Hills Ordinance 1988–51 (enacted September 14, 1988) is the specific ordinance applicable to the approval of appellees' proposed plat which included Sublot 37. That ordinance provided that the plat at issue in this case was approved "for record purposes only" and also that approval "does not constitute dedication." Appellants claim that this specific ordinance is consistent with their view of the procedure outlined in the general platting ordinance. Appellants

---

1. The parties brief at some length whether the dedication of a proposed street in a plat is final upon approval of the plat. We find that considering whether a proposed and platted street has been dedicated for R.C. Chapter 711 purposes does little to aid understanding the platting process or the issues in this case. "Dedication" is not a central concept in the platting process. In fact, the word does not appear in R.C. 711.06, 711.07, 711.08, or 711.091, all of which we consider here. Because our consideration involves the more specific (in the platting context) concepts of R.C. Chapter 711, setting forth the platting sequence in terms of the process of submission of the plat, approval of the submitted plat, and acceptance of the approved plat, we do not focus on the concept of dedication, which can be confusing in the platting setting.

claim it is apparent that Moreland Hills had no intention of acquiring a fee interest in the land upon which the proposed street was to be built at the time of the initial recording "for record purposes only." Rather, according to appellants, Moreland Hills intended to accept the fee only upon the passing of a second, later ordinance after construction of the street was completed, followed by a second recording, at which time the fee would vest. Appellants contend that until the passing of this subsequent ordinance indicating final approval, followed by recording, appellees retain ownership of Sublot 37.

We do not agree with appellants' interpretation of the Moreland Hills platting scheme. We do not believe that Moreland Hills' platting ordinance departs from the statutory procedures regarding approval and recording of a proposed plat. To the extent that the village's procedure can be harmonized with state law, we will assume no conflict with the usual statutory procedure. There is no difficulty reconciling Moreland Hills' basic plat approval plan with the terms of R.C. 711.06 and 711.07. Pursuant to the terms of Sections 1111.01(e) and (f) of the platting ordinance, Moreland Hills' procedure clearly provides that a proposed plat, after approval, is to be filed for record in the county recorder's office. Once the village allows the plat to be recorded, then pursuant to R.C. 711.07 the fee passes by operation of law. R.C. 711.07 is a general law of statewide concern which states that a certain consequence follows from the taking of a certain action. The fee passes when the plat is recorded, following approval.

To the extent that appellants may be correct in their contention that Moreland Hills has attempted to delay approval of the plat until the second recording, Moreland Hills' ordinances cannot have the desired effect. Since the village ordinances do not address R.C. 711.07, appellants' contention that the ordinances attempt to avoid the effect of that statute is based on speculation.

B

Moreover, appellants' contention that the fee does not pass because of the provision in the Moreland Hills ordinances that the recording of the approved plat is "for record purposes only" and that this approval is conditional pending the subsequent village action and second recording of the plat leads us to discuss the concept of "acceptance," a term with its own special significance in the platting process. For our purposes, the "for record purposes only" provision of Moreland Hills' ordinances can be read as a statement that Moreland Hills retains the right to reserve *acceptance of the street* until the developer constructs the street to meet the requirements imposed by the village. This in no way impedes the passage of the fee from landowner to municipality. That brings us to a consideration of the process by which a proposed street in an approved plat is accepted.

Even though the municipal corporation holds the fee of the land upon which the street is to be built upon approval and recording of the plat, the land is still in the care and control of the developer until the street is completed in accordance with specifications set forth in the plat. The proposed street does not become a public street until the street is *accepted* by the municipal corporation. It is at that point, upon acceptance, that the care, supervision, and control of the street become the responsibility of the municipal corporation. (See R.C. 723.01.) Prior to acceptance by the municipal corporation, the street is not a public street, but is only a proposed public street.[2]

It is thus evident that the concepts of "approval" and "acceptance" have very specific, and very different, meanings in the platting statutes. Along with the platting, the approval and the acceptance probably constitute the three most important events which must each occur before a proposed roadway finally becomes a public street. As was explained previously, pursuant to R.C. 711.07 the approval of the plat and the subsequent recording pass fee ownership.

It would appear that the observation made by the court of appeals in this case that in order for a municipal corporation to accept a proposed roadway contained in an approved plat as a public street upon its completion, the municipal corporation must, pursuant to R.C. 723.03, pass an ordinance accepting the dedication of the street has no application to this case. This position is at odds with R.C. 711.091, which provides that the finding of a village engineer that a proposed street has been constructed in accordance with the specifications of the approved plat, when endorsed on the approved plat, shall constitute an acceptance of the street for public use. Therefore, there is no need for a village to pass an ordinance specifically finalizing the dedication of a public street pursuant to R.C. 723.03 in order for it to accept a constructed street in an approved plat as a public street.[3] R.C. Chapter 711 contemplates creation of a street through the platting process, a separate type of "dedication" from that provided in R.C. 723.03. See *Bay Village v. United States Fid. & Guar. Co.* (1926) 24 Ohio App. 73, 80, 156 N.E. 227, 229. See, also, *Fondriest v. Dennison* (C.P.1966), 8 Ohio Misc. 75, 78, 37 O.O.2d 97, 99; 219 N.E.2d 322, 325 ("Section 3723 General Code, now Section 723.03 Revised Code, contains no reference to plats and the recording thereof, but it applies more particularly to the owner of ground who

---

2. We note that Moreland Hills, through Section 1111.01(g) of its general platting ordinance, provides that a developer must furnish insurance holding the municipality harmless from any claims for liability before improvements may begin. It appears that Moreland Hills imposes this requirement in order to provide for unforeseen situations which may arise.

3. Indeed, a village could, if it chose to, indicate acceptance of the proposed street as a public street through some additional means, such as by a village ordinance. However, an ordinance is not statutorily required for acceptance to occur.

undertakes to dedicate a street or alley to public use other than by means of a plat.").

This case deals with the effect of the fee passing, pursuant to the R.C. 711.06 and 711.07 approval and recording, on a proposed public roadway. However, other consequences also flow from the approval and recording. We must caution that the creation of public streets in a subdivision is only one aspect of the platting process embodied in R.C. Chapter 711, and that our consideration of the way a proposed roadway in a plat eventually becomes a public street must be harmonized with the platting process panorama. For instance, approval of the plat, and recording of that approval, generally opens the door for the developer to commence selling lots in the subdivision. (See R.C. 711.13, which sets forth penalties for one who sells land in a proposed subdivision before the plat has been recorded.)

Once the municipal corporation approves the proposed plat and allows it to be recorded, the fee of land designated for public use passes, and the developer becomes bound to proceed according to the plan set forth in the approved and recorded plat. For example, the developer must construct the streets as they appear in the plat. However, the approval and recording of the plat also have important consequences for the municipal corporation. The municipal corporation itself becomes bound, in that it must be prepared to accept the street as a public street if the developer complies with the conditions imposed by the municipal corporation and satisfactorily builds the proposed street in accordance with the approved and recorded plat.

Accordingly, for our purposes, Moreland Hills' plat approval procedure can be reconciled with that of R.C. Chapter 711.[4] We hold that pursuant to R.C. 711.07, when a plat approved by a municipal corporation is recorded in the office of the county recorder, the fee of the land designated in the plat for public use vests in the municipal corporation. Because in this case a proposed plat was approved and recorded, the fee of the land designated as a street (Sublot 37) vested in Moreland Hills. See *Kellogg v. Cincinnati Traction Co.* (1909), 80 Ohio St. 331, 343, 88 N.E. 882, 884 (title vests in a municipal corporation when a plat is properly acknowledged, approved, and recorded in the office of the county recorder). After a municipal corporation, as here, has approved and recorded the

---

4. We see no reason why the village could not delay recording until a later time, even until final acceptance of the street should it choose to do so, through properly enacting such a procedure. This view is supported by R.C. 711.101's provision that a municipal corporation may enact rules to "require the actual construction * * * as a condition precedent to the approval required * * *." In that situation, the village would effectively be approving the plat and accepting the public street simultaneously, and would be preventing the fee from passing until the recording at that later time. However, our interpretation of Moreland Hills' platting ordinance leads to the ineluctable conclusion that construction is *not* a condition precedent to approval in the village's current platting scheme.

proposed plat, and acquired a fee interest in the land designated for public purposes therein, a very significant step in the platting process has been completed.

## II

As our discussion in Part I of this opinion concluded, Moreland Hills holds a vested fee interest in Sublot 37. Both the trial court and the court of appeals determined that the restrictive covenant was therefore unenforceable. We agree, and hold that a restrictive covenant which may bind private landowners cannot be enforced against a municipal corporation. See *Norfolk & Western Ry. Co. v. Gale* (1928), 119 Ohio St. 110, 113, 162 N.E. 385, 386 (a restriction limiting the use of a lot to residential purposes cannot be construed to apply to the state or any of its agencies); *Wallace v. Clifton Land Co.* (1915), 92 Ohio St. 349, 110 N.E. 940, paragraph three of the syllabus (a deed restriction will not operate to prevent the state or any subdivision thereof from public use of property). Appellants may not enforce against appellees any restrictive covenant applicable to homeowners in Moreland Valley Estates limiting the use of Sublot 37, because appellees no longer own Sublot 37.[5]

The judgment of the court of appeals is affirmed.[6]

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., concur.

---

5. Since we hold that the restrictive covenant is not enforceable, we do not consider whether the trial court properly construed the restrictive covenant at issue to prohibit appellees' intended use of Sublot 37 as a public road.

6. It could be argued that if we affirm the judgment of the court of appeals that the restrictive covenant is no longer enforceable, then this case will be cited as precedent for the proposition that a municipal corporation and a developer, acting in concert, may defeat a valid restrictive covenant through surreptitious behavior. However, we see no evidence in the record that Moreland Hills cooperated in an attempt to defeat the restrictive covenant. The plat was approved and recorded, possibly with no contemplation of the effect of R.C. 711.07. Nevertheless, that recording had the effect of passing the fee of the land designated in the plat for a public roadway, Sublot 37, to the village. Appellees can rely on the clear provision of R.C. 711.07 to that effect.