This appeal comes to us from the Lucas County Court of Common Pleas where summary judgment was granted in favor of a municipality in a suit brought by its residents to compel the city to repair and maintain a street. Because there are genuine issues of material fact as to whether the street at issue was ever "opened," and because the trial court erroneously dealt with the issue of abandonment, we reverse and remand the matter for further proceedings.
In 1915, a developer surveyed and platted a sixty-one lot subdivision known as Miami Manor. The development was located off River Road in the city of Maumee, Ohio, and extended south toward the Maumee River into what was then Adams Township in Lucas County. The plat for Miami Manor reveals a dedicated roadway some 1,636 feet long intersecting the lots. The northern portion of this right-of-way is an elliptical drive which opens onto River Road to the north and is depicted on the original map as forming a thirty foot right-of-way. The southern portion of roadway runs from the south end of the ellipse to Lot 61 which borders the Maumee River. It is this right-of-way that is in dispute in this matter. It is undisputed that the entire length of Miami Manor Road was properly dedicated and lawfully accepted by the village of Maumee and the Lucas County Commissioners. The Adams Township portion of the addition was annexed into Maumee in 1967.
By 1990, the lots abutting the elliptical part of Miami Manor Street were developed and the street paved. Storm runoff was carried away in a city constructed sewer which followed the lower portion of the Miami Manor Road right-of-way to the river. The lower right-of-way had, however, succumbed to neglect. "Volunteer" trees and brush grew there. An eight foot wide paved portion extending along the uppermost three hundred feet of the right-of-way had fallen into disrepair. Owners of the lots along the lower right-of-way found it difficult to reach those lots except on foot or by driving through the Miami Children's Home campus which abutted the borders of the eastern most lots. In 1992, the city erected a six inch curb along the south edge of the ellipse, effectively closing the lower right-of-way to any vehicular traffic.
In the mid-1990's, the Lucas County Children Services Board closed the Miami Children's Home. In 1996, the Lucas County Commissioners notified Miami Manor residents that they would no longer be permitted to use the children's home property to access the lower lots.
In May 1996, appellant Byron L. Stickles and several other Miami Manor property owners[1] instituted this action against the city of Maumee, its Director of Public Services and its Street Commissioner.[2] Appellants, in material part, sought a writ of mandamus and/or an injunction ordering the city to repair and maintain Miami Manor Road running south of the Miami Manor Road ellipse. Appellee city responded by arguing that the right-of-way was abandoned, "negating any continuing maintenance duty." Appellee property owners also suggested that the right-of-way was abandoned and requested that the abandoned property be ceded to them.
The matter was submitted to the court on cross-motions for partial summary judgment. On the affidavits and other documentary evidence submitted, the court awarded partial summary judgment to appellees and denied appellants' cross-motion. The court concluded that the Miami Manor Road lower right-of-way had never been "opened" by the city or, alternatively, the city had abandoned the right-of-way. In either event, the court determined that the city had no duty to maintain and repair the lower right-of-way and that the land should accrue to the adjoining property owners.
Following the court's judgment, ancillary claims were voluntarily dismissed. Appellants now properly bring this appeal, setting forth the following two assignments of error:
 "A. The Court Erred In Denying Appellants' Motion For Summary Judgment
 "B. The Court Erred In Granting Appellees' Motion For Summary Judgment."
On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 67, Civ.R. 56(E).
When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought,Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11. Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Needham v. Provident Bank (1996), 110 Ohio App.3d 817,826, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248.
It is the duty of a municipality to keep its streets in repair and free from nuisance. R.C. 723.01. However, even though a street has been properly dedicated to public use and accepted by the appropriate authority, it is not incumbent upon the municipality to perform this duty, "* * * until it opens the area to public travel or otherwise invites the public to use it." Standard Fire Ins. Co. v. City of Fremont (1955),164 Ohio St. 344, 348; City of Dayton v. Rhotehamel (1914), 90 Ohio St. 175. As the trial court noted in its decision, whether a street or alley has been opened to public travel or the public has been invited in any other way to make use of such a passage is a question of fact. Id. at 176. Consequently, a party may be entitled to summary judgment on this issue only if the opposing party fails to meet its burden to respond with specific facts showing a genuine issue of material fact. Civ.R. 56(E).
Here, appellants have come forth with a copy of a 1925 Maumee ordinance authorizing the paving of the, "* * * roadway in Miami Manor * * *," and the affidavit of a civil engineer who avers that a portion of the curbing found in the lower Miami right-of-way is "identical" to that used in the original construction of the ellipse portion of Miami Manor Road. Appellants have submitted the affidavit of a surveyor describing an eight foot by two hundred seventy foot length of pavement found in the lower Miami right-of-way and numerous official and semi-official documents of the city of Maumee which reference the lower Miami Manor right-of-way as a street.
Appellee city responded to all of appellants' evidentiary material with evidence contra and/or explanations of the various documents appellants submitted. In the end, the trial court found appellants' presentation unpersuasive and concluded that the city never opened the lower Miami Manor right-of-way to the public.
However, the court's weighing of this evidence was inappropriate in a summary judgment context. Appellants presented evidence which, if believed, would support an inference that appellee city opened Miami Manor Road to the public. Appellee city presented evidence in opposition. This sets up a classic issue of fact, not amenable to solution in favor of either party on a summary judgment motion. Accordingly, appellant's Assignment of Error B is well-taken as it relates to this issue.
Alternately, the trial court determined that, even if the lower portion of the Miami. Manor right-of-way had been opened, the city's neglect of the street for a period of more than twenty-one years operated as a common law abandonment of that property and it should revert to abutting property owners.
In the trial court and here, appellants argue that the lower Miami right-of-way was not abandoned by the city. Appellants point out that members of the public continued to use the road and that the city continued to do some maintenance, such as tree cutting. Additionally, the city used the right-of-way for a storm sewer. Appellants argued that, as a matter of policy, the city should not be permitted to use its own neglect of the right-of-way to justify evasion of its duty to repair and maintain the road. Moreover, according to appellants, there is no reasonable justification for treating streets and alleys in the city differently from township roads for which the exclusive method of vacation is statutory.
Abandonment of a properly dedicated, accepted and opened municipal street or alley may only be obtained upon proof that, "all acts of enjoyment have totally ceased * * *" for twenty-one years. Nail Iron Co. v. Furnace Co. (1889),46 Ohio St. 544, 548. To establish abandonment, it is not sufficient that the right-of-way was neglected, was in bad condition and impassable, or even had been supplanted by another road. Id.; Fondriest v. Dennison (1966), 8 Ohio Misc. 75,80. There must also be clear intent on the part of the city to permanently abandon the right-of-way. 2 McDermott's Ohio Real Property (1990) 218. This is a high standard. In fact, of all the abandonment cases raised by either side in this matter, in only one instance has a municipal abandonment of a street or alley been found[3] and that case was premised on an ineffective statutory vacation. State ex rel. Bedard v. Village ofLuckbourne (1990), 69 Ohio App.3d 452.
Here, appellants presented evidence that appellee city has used the lower Miami Manor right-of-way for a storm sewer since 1931, that within twenty-one years prior to the initiation of this suit, the city had caused trees to be cut in the right-of-way and that several property owners and their guests used the right-of-way to gain access to their lots and to the common lot bordering the river. This evidence is unrefuted. Consequently, since abandonment requires a total absence of public enjoyment of the right-of-way and there was unrefuted evidence that some public enjoyment of the right-of-way occurred, the trial court erred in granting summary judgment to appellees on the issue of abandonment and in denying appellants' motion on the same matter. Accordingly, both of appellants' assignments of error are well-taken as they relate to the abandonment issue.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court for further consideration consistent with this opinion. It is ordered that appellees pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. --------------------------- JUDGE
James R. Sherck, J. --------------------------- JUDGE
Richard W. Knepper, J. CONCUR. --------------------------- JUDGE
[1] Edward C. and Mary F. Smith, Richard Schroeder, Melvin C. and Marie Mead, Robert W. and Irene R. Lawless, and Janet K. McClelland. Earl H. and Maxine Moore, Mary Ellen Huff and Michael B. and Carol Kerckes were later added as plaintiffs-relators.
[2] Miami Manor property owner Kenneth Knight later intervened with cross-complaints against both relators/plaintiffs and the city. An amended complaint by relators/plaintiffs later joined several other Miami Manor property owners as defendants/respondents. These included Barbara S. Betz, Alan B. and Carol A. Dills, Barbara and Sylvain Wolfe-Barrielle, William and Arlene Krosky, Keith S. and Angela L. Dallas, John M. and Rebecca Walsh, Troy Dahn and Todd and Jane Durham.
[3] Nail Iron Co. v. Furnace Co., infra (abandonment for less than twenty-one years; Fondriest v. Village of Dennison, infra
(not "utterly unused"); Fox v. Hart (1842), 11 Ohio 414
(encroachment for only sixteen years); Burdge v. Bd. of Cty.Commrs. (1982), 7 Ohio App.3d 356 (abandonment not proven);Bachtel v. Strickland (Nov. 17, 1987), Jackson App. No. 550, unreported (abandonment for less than twenty-one years);D'Abate v. Zorn (Oct. 14, 1988), Lake App. No. 12-169, unreported (no "utter" abandonment); Chillicothe Bowling Lanesv. Kitchen Collection, Inc. (Aug. 15, 1995), Ross App. No. 94CA2066, unreported (alley never opened).