## WHEN A STREET MAY BE VACATED.

Circuit Court of Lucas County.

IN RE VACATION OF PART OF MICHIGAN STREET, TOLEDO.

Decided, January 16, 1909.

*Streets—Necessary Prerequisite to Vacation of—Satisfactory Proof of Necessity Required—Public Interest—Municipal Corporations—Section 2655.*

Under the statute of Ohio a court should not vacate a public street unless *satisfied* that such vacation will conduce to the general interests of the municipality. The court is not in error in refusing such vacation upon a mere showing that the street is not demanded by the present needs of travel. Section 2655, Revised Statutes, construed and applied.

WILDMAN, J.; KINKADE, J., concurs; PARKER, J., not sitting.

Error to Lucas Common Pleas Court.

Case No. 2212 is entitled, *In the Matter of the Vacation of Michigan Street.* It is a somewhat peculiar title for a proceeding in error, which this is. An application was made in the court

of common pleas under Section 2655 of the Revised Statutes to
vacate that part of Michigan street extending from Cleveland
street to Troy street in the northern part of the city of
Toledo.  The application was refused by the court below, and
to reverse the judgment of dismissal of the petitioner's ap-
plication, this proceeding was instituted here.

. We have in the statute alternative proceedings for the vaca-
tion of streets.  Section 2655 provides for the seeking of the vaca-
tion of the street by a proceeding in the court of common pleas,
the remedy being by the section of the statute made cumulative
to like procedure before the municipal body, the city council, as
provided in Section 2652, Revised Statutes.  The present pro-
ceeding in the court below was based upon Section 2655, which
reads as follows:

"On petition filed in the court of common pleas by any person
owning a lot in any city or in an incorporated or unincorporated
hamlet or village, for the establishment or vacation of a street
or alley in the immediate vicinity of such lot, the court, upon
hearing, and being satisfied that it will conduce to the general
interests of such city, hamlet, or village, may declare such street
or alley established or vacated; but the remedy shall be in ad-
dition to those prescribed in this title."

The present proceeding was started by what is known as the
Toledo Boiler Works Company, which owned property on both
sides of the part of the street sought to be vacated.  The claim
is made that the evidence disclosed in the court below was suffi-
cient to require the court, proceeding under this statute, to vacate
this part of the street.

The statute requires as a prerequisite to the vacation of a street
that the court shall be satisfied that such vacation will conduce
to the general interests of the municipality.  Until so satisfied
the court should refuse its judgment in favor of the petitioner.

It appears that this part of the street named has received no im-
provement at the hands of the city; that it is in a marshy region,
the part of the street referred to being not directly upon marshy
land or across it, but closely adjacent to it; and perhaps it suffi-
ciently appears that at the present time there is no very practical
demand for the use of this street by the public.  The court, how-
ever, is not altogether apprised of the general purposes and plans

of the city in the extension of its avenues, its thoroughfares, its streets and alleys. It is something like a condition which may arise where a city under the authority given by law establishes a general system of sewerage, and works towards it, making sewers from time to time according to the necessities of the public and the means available. To say that such a plan should be abandoned because there are no present means for the carrying out of some of its details, might be an interference with wise action of the municipal body.

The claim is made here in behalf of this application that it will be conducive to the general interests of the city to vacate this street because it is in a locality where it is of no special use to the traveling public or to adjacent property; that it is an ideal spot for the establishment of such factories as the one owned by this applicant, the Toledo Boiler Works Company, and that it is to the interest of the city to encourage manufacturers. It may be altogether true that it is to the general interest of the city to encourage them. It is not made to appear to us, however, by the record before us, nor was it, apparently, to the court below, that any general interest of the city of Toledo would be subserved by maintaining this particular spot of ground as a place for the putting up of factory buildings or the maintenance of a manufacturing plant, nor does it appear that if the street is not vacated the factory will be lost to the city in any way. There seems to be an abundance of territory owned and controlled by the Toledo Boiler Works Company for the maintenance of their plant without their intruding upon the territory comprised within the street boundaries. There was much plausibility in the arguments made to us by counsel for the applicant, the present plaintiff in error, but we have not been able to arrive at the conclusion that the evidence adduced upon the hearing in the court below is of such character as to make it manifest and clear that the court should have been satisfied that the public interests would be subserved by the vacation of the street.

Our judgment, therefore, is that the order dismissing the plaintiff's application be affirmed at the costs of the plaintiff in error.