BAYER ET AL., APPELLEES, *v.* CITY OF NORTH COLLEGE HILL, APPELLANT; KNUF ET AL.

(No. C-850182 — Decided May 28, 1986.)

*Henry E. Woodard, Jr.*, for appellees James C. and Betty E. Bayer, John S. Schrenk, Kenneth J. and Patricia A. Tonnis, and Lloyd C. and Lenora Fritsch.

*Dolores A. Dunn*, for appellant.

BLACK, J. The dispute in this case concerns the disposition of property that had been dedicated on a subdivision plat as a public street but was never used for that purpose. Although appellant presents the issue as a conflict between the right of the city to convey property that is not needed for municipal purposes and the rights of abutting landowners to seek vacation of a street, the dispositive issue on appeal is whether, under R.C. 723.09, the court of common pleas may grant a petition for vacation of a street upon a motion for summary judgment without considering whether the vacation "will conduce to the general interests of such municipal corporation." We hold that it may not, and thus we reverse the summary judgment and remand the case for further proceedings.

Plaintiffs are owners[1] in fee simple and in actual possession of four lots in the Devonshire Heights subdivision[2] of the city of North College Hill. The subdivision plat, recorded by Warren Estate, Inc., on August 14, 1930, laid out the location, length and width of three hundred fifty-one progressively numbered lots in Springfield Township, Hamilton County, Ohio, and dedicated certain described portions of the property "to public use forever" as streets, avenues, boulevards and a recreation park. The plaintiffs' four lots abut a certain strip of land sixty feet in width that was designated and dedicated as "Marguerite Avenue."

On October 1, 1984, the city council of defendant city of North College Hill enacted ordinance No. 45-1984, stating that the real estate designated as Marguerite Avenue was "not needed for any municipal purpose" and that the mayor was authorized to sell the property to the highest bidder. On November 15, 1984, the plaintiffs filed a complaint, naming as defendants the city and the owners of two other lots abutting Marguerite Avenue, seeking vacation of the street under the authority of R.C. 723.09 *et seq.* and also seeking an injunction against sale of the property by the city. In support of the complaint, plaintiff James C. Bayer filed an affidavit incorporating the following documents: a deed to one of the lots abutting Marguerite Avenue, the subdivision plat and Ordinance No. 45-1984.

On December 14, the city filed an answer to the complaint, consisting only of bare admissions and denials with no documentary evidence attached, in essence admitting plaintiffs' ownership of the property abutting Marguerite

---

[1] Plaintiffs' ownership of the lots in question was established, with one exception, only by allegations in their complaint which were admitted by the city in its answer. Plaintiff James Curtis Bayer filed an affidavit swearing that he was the owner of one of the lots. However, the deed attached to the affidavit as proof of his ownership listed the owners as James *K*urtis Bayer and Betty Esterly Bayer, husband and wife, joint tenants with right of survivorship, but the judgment entry purported to transfer the abutting portion of the vacated street to James *C*urtis Bayer and Betty Esterly Bayer, son and mother. No documentary evidence of title in James Curtis Bayer or in plaintiffs Schrenk, Tonnis or Fritsch appears in the record. No objections to this lack of proof have been raised, and hence, other than by making the above observations, we do not address the issue of whether sufficient proof of title has been presented to warrant the recording of the court's judgment in the chain of title.

[2] The subdivision was originally platted under the name College Hill Gardens, and the name was later changed to Devonshire Heights.

Avenue, as well as the city's intention to sell the property comprising the dedicated street, but denying plaintiffs' right to vacation of the street. On December 19, plaintiffs filed a motion for summary judgment. No response to this motion was ever filed by the city or by any other defendant, and on February 7, 1985, the summary judgment was granted by way of a "Judgment Entry for Vacation of Street," vesting a proportional section of Marguerite Avenue in each of the plaintiffs.

The court based its conclusion that there was no genuine issue of fact on factual findings that may be summarized as follows: the property sought to be vacated was part of Marguerite Avenue, an unimproved street in North College Hill that had been dedicated in a recorded subdivison plat "to public use forever"; this dedication was the city's only source of title to that property; and the city had indicated by ordinance that the property was not needed for municipal purposes. Therefore, the court concluded that under R.C. 723.09 *et seq.,* the abutting landowners were entitled to vacation of the street. However, the court failed to comply with R.C. 723.09 by making a crucial finding, and thus, as a matter of law, it did not have authority to grant the petition for vacation of the street.

Individuals owning land in the vicinity of a street or alley may seek vacation of the street or alley either by petition to the legislative authority of the municipal corporation in which the land is situated, R.C. 723.04, or by petition to the court of common pleas, R.C. 723.09. Upon vacation, title to the land passes to the abutting landowners, subject to the rights of any property owners whose rights of access are thereby obstructed. *Babin* v. *Ashland* (1953), 160 Ohio St. 328, 340, 52 O.O. 212, 217-218, 116 N.E. 2d 580, 587; *Kinnear Mfg. Co.* v. *Beatty* (1901), 65 Ohio St. 264, 62 N.E. 341,

paragraph one of the syllabus; *Greenberg* v. *L. I. Snodgrass Co.* (1953), 95 Ohio App. 307, 312, 53 O.O. 230, 232, 119 N.E. 2d 114, 117, affirmed (1954), 161 Ohio St. 351, 53 O.O. 253, 119 N.E. 2d 292.

R.C. 723.09, the statute governing vacation by petition to the court, provides:

"The court of common pleas may, upon petition filed in such court by any person owning a lot in a municipal corporation, for the establishment or vacation of a street or alley in the immediate vicinity of such lot, *upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation,* declare such street or alley established or vacated * * *." (Emphasis added.)

From the plain language of this statute, it is clear that, before granting a petition for vacation of a street, the court must hold a hearing and consider evidence on the issue of whether the vacation will promote ("conduce to") the general interests of the municipality. *In re Vacation of Part of Michigan Street* (1909), 12 Ohio C.C. (N.S.) 414, 21 Ohio C.D. 426, syllabus. This is a mandate prerequisite to the exercise of the court's authority. The burden is on the petitioner to establish this prerequisite to the satisfaction of the court. *Pennsylvania RR. Co.* v. *Girard* (C.A. 6, 1954), 210 F. 2d 437, 442, 54 O.O. 243, 247.

None of the documentary evidence before the court upon the motion for summary judgment addressed this issue of whether vacation of Marguerite Avenue would contribute to the general interests of the city. In the absence of any assertion or showing by the plaintiffs that the street vacation would benefit the municipality, the city had no burden to produce evidence tending to show that the street vacation would be contrary to its interest. Thus, despite the surprising gamble taken by the city

in neglecting to file a memorandum in opposition to plaintiffs' motion for summary judgment,[3] this failure to respond does not justify the granting of the motion, because the allegations and supporting evidence are insufficient as a matter of law to support the judgment vacating the street.[4]

Under R.C. 723.121, a municipal legislature may convey land owned by the municipality and acquired for use as streets or avenues, upon determination that the land is not needed by the municipality for such purposes. This was the procedure followed by North College Hill in enacting Ordinance No. 45-1984. The home rule provisions of the Ohio Constitution, Sections 3 and 7, Article XVIII, Constitution, ensure this power to sell to municipalities, and the determination by a legislature that the municipality no longer needs the land may be overturned only if the municipal legislature abused its discretion. *Sparrow* v. *Columbus* (1974), 40 Ohio App. 2d 453, at 469, 69 O.O. 2d 405, at 414, 320 N.E. 2d 297, at 306.

Fee title to land dedicated to public use vests in the municipality upon recording of a properly acknowledged subdivision plat in the office of the county recorder. R.C. 711.06 and 711.07. Even though land so dedicated is held by the municipality in trust for public use, where the designated use is no longer practicable, the city may sell the land and use the proceeds for the public benefit. *Babin, supra,* at 346, 52 O.O. at 220, 116 N.E. 2d at 590; *Wapakoneta Bd. of Edn.* v. *Unknown Heirs of Aughinbaugh* (1955), 99 Ohio App. 463, 59 O.O. 267, 134 N.E. 2d 872. Such a sale arguably involves a taking of property rights by legislative act, but the rights thus appropriated, in this case the rights of neighboring landowners to vacation of the street, are public rather than private rights. The legislature has the authority to appropriate those rights when to do so will benefit the same segment of the population from whom the rights are taken. *Babin, supra,* at 348-349, 52 O.O. at 221-222, 116 N.E. 2d at 592-593.

Taken in isolation, neither R.C. 723.09 nor R.C. 723.121 speaks to the issue of competing claims for land dedicated to a no longer viable public use. However, it is clear that, in this case, where competing claims have been lodged by the city and by its private citizens, a determination of whether vacation will promote the general interests of the municipality must logically evolve into a determination of which disposition will promote the best interests of the municipality as a whole. This is necessarily so because the statutory showing required of the city prior to sale of the land is only that it did not abuse its discretion in determining that the land was not needed for a

---

[3] Loc. R. 14 (B) of the Court of Common Pleas of Hamilton County provides in part: "Failure to serve and file a memorandum contra may be cause for the Court to grant the motion as served and filed."

[4] The judgment entry states that a hearing was held on the motion for summary judgment. However, we do not know what evidence was presented for the court's consideration, because no record of that hearing is before us, and the judgment entry is devoid of any indication that consideration was given to the general interests of the

municipal corporation, much less that the court was satisfied that vacation would conduce to those interests.

Furthermore, the city solicitor alleged in oral argument that the city was not notified of the hearing on the motion for summary judgment and thus was not represented at that hearing. This allegation is not supported by the record, and thus we do not address the due process violation it may imply or, conversely, the possibility that notice was waived by the failure to respond to the motion for summary judgment.

street. Since the city council has already made this determination, and no charge of abuse of discretion has been raised, in order for the landowners to show that their subsequent petition for vacation will conduce to the general interests of the city, they will have to demonstrate that vacation will better serve the community's interests than would the plan already set into motion by the city council. The record does not reflect any consideration of these issues in the proceedings below, and thus the granting of summary judgment was incorrect as a matter of law.

For the foregoing reasons, we reverse the judgment vacating the property designated as Marguerite Avenue in Plat Book 44, page 33, Records of Hamilton County, Ohio, and vesting that real estate in the plaintiffs in this action. We remand this case to the court below for a hearing and determination of whether vacation of Marguerite Avenue will conduce to the general interest of the city of North College Hill.

*Judgment accordingly.*

DOAN, P.J., and SHANNON, J., concur.