**Dundee Development Corp.**
v.
**Milford**
*[Cite as 7 AOA 523]*

*Case No. CA90-02-014*

*Clermont County, (12th)*
*Decided October 9, 1990*

*Joseph L. Trauth, Jr., Keating, Muething & Klekamp, 1800 Provident Tower, One East Fourth Street, P. O. Box 1800, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Michael Minniear, Milford City Law Director, 626 Main Street, Milford, Ohio 45150, for Defendant-Appellant, City of Milford, Ohio.*

*Vern W. McDaniel, Tischbein & McDaniel, 906 Main Street, Suite 413, Cincinnati, Ohio 45202, for Defendant-Appellant, Gatch Farms Development Co.*

*Per Curiam.*

Plaintiff-appellee, Dundee Development Corporation ("Dundee"), is the developer of Tree Ridge Subdivision located within the municipal boundaries of defendant-appellant, city of Milford ("city"). Defendant-appellant, Gatch Farms Development Company ("Gatch"), owns adjoining property to the east of Tree Ridge.

On September 6, 1988, Dundee submitted a plat for Tree Ridge to the city. On that same date, the city adopted ordinance No. 88-1193 which approved the plat and authorized its recording in the county recorder's office. In authorizing the plat, the ordinance stated that:

"*** it is the intent of the City of Milford to accept the public streets, sanitary sewers, storm sewers, water lines, and detention basins shown on the plat of the Tree Ridge Subdivision presented to Council on September 6, 1988 and; whereas, the City of Milford reserves acceptance of the facilities until such time as the facilities have been constructed in accordance with the City of Milford specifications and have been approved by the City engineer ***."

The plat was recorded in the Clermont County Recorder's office on September 21, 1988. Among other things, the plat dedicates streets "for public use" including a certain street designated as Lakefield Drive. Dundee owns property on the west side of Lakefield Drive while Gatch owns land on the eastern side of the street. The plat contained language similar to that used in ordinance 88-1193 expressing the city's intent to accept the "public streets, sanitary sewers, storm sewers, water lines, and detention basins shown on said plans." The plat also specified that the city specifically reserved acceptance of the "facilities" until they had been constructed in accordance with the city's specifications, had been certified as complete by the city engineer, and an ordinance stating such had been adopted and placed on record by the city.

On March 20, 1989, Gatch filed a petition with the city seeking to vacate a portion of the eastern side of the Lakefield Drive right-of-way which Dundee intended to serve as a greenbelt for the residents on the western side of Lakefield Drive, thereby narrowing the width of the street and passing title of the vacated property to Gatch. Gatch sought the vacation of Lakefield Drive after its unsuccessful attempt to obtain a variance to minimum set-back requirements for home construction. On June 6, 1989, the city adopted ordinance No. 89-1241 which vacated a .708 acre portion of Lakefield Drive.

On July 5, 1989, Dundee filed a complaint for declaratory judgment and injunctive relief against the city and Gatch, asking the court to declare ordinance No. 89-1241 an unlawful taking of Dundee's property. The matter was submitted to the trial court on the parties' briefs and oral arguments.

In a decision dated December 8, 1989, the trial court found that title to Lakefield Drive had not vested in the city since there was no evidence that the city had certified completion and acceptance of the streets and facilities as required in ordinance No. 88-1193. Therefore, the city could not vacate any part of Lakefield Drive and pass title of the vacated section to Gatch. The court concluded, however, that there was no need to consider the equities in the matter nor the question of whether the city had good cause to narrow the street or whether such was in the general interest as required by R.C. 723.05.[1] In a subsequent judgment entry, the court permanently enjoined the city from narrowing or vacating Lakefield Drive and further

found that Dundee was entitled to submit a new plat reflecting the area which the city attempted to narrow and vacate as a public space to be maintained by a homeowner's association.

The city and Gatch filed a timely notice of appeal and submit the following three assignments of error:

"Assignment of Error No. 1.
"THE TRIAL COURT ERRED IN FINDING THAT THE FEE TITLE TO LAKEFIELD DRIVE DID NOT VEST IN THE CITY OF MILFORD ON RECORDING OF THE RECORD PLAT.

"Assignment of Error No. 2.
"THE TRIAL COURT ERRED IN PERMANENTLY ENJOINING THE CITY OF MILFORD FROM NARROWING OR VACATING ANY PORTION OF LAKEFIELD DRIVE.

"Assignment of Error No. 3.
"THE TRIAL COURT ERRED IN ORDERING THAT DUNDEE IS ENTITLED TO SUBMIT A NEW PLAT WHICH REVISES THE RECORD PLAT."

Appellants' first assignment of error challenges the trial court's finding that title to Lakefield Drive did not vest in the city upon Dundee's recording of the plat. In support of their position, appellants rely upon R.C. 711.07 which provides that:

"Upon recording, as required by section 711.06 of the Revised Code, the plat shall thereupon be a sufficient conveyance to vest in the municipal corporation the fee of the parcel of land designated or intended for streets, alleys, ways, commons, or other public uses, to be held in the corporate name in trust to and for the uses and purposes set forth in the instrument."

According to Dundee, the city's acceptance was conditioned upon completion of the streets, sewers and other improvements, and fee title did not transfer to the city until such time as the facilities were constructed according to the city's specifications and approved by the city engineer. Dundee also asserts that title cannot pass to the city since the plat did not contain the approval of the city's planning commission in compliance with R.C. 711.09 which provides, in part, that:

"Whenever a city planning commission adopts a plan for the major streets or thoroughfares *** and other open public grounds of a city or any part thereof *** then no plat of a subdivision of land within such city *** shall be recorded until it has been approved by the city planning commission and such approval indorsed in writing on the plat."

R.C. 711.07 governs the conditions upon which the fee to land intended for streets and other public uses vests in the municipal corporation. The statute clearly provides that the fee vests upon recording of a plat in accordance with the provisions of R.C. 711.06. R.C. 711.06 requires that a proprietor of lots and grounds in a municipal corporation, who subdivides them out for sale, must make an accurate plat of the subdivision, describing all grounds laid out or granted for streets and other public uses while also numbering lots sold or intended for sale. The plat must be subscribed by the proprietor or his agent, and acknowledged before an officer authorized to take the acknowledgement of deeds, who shall certify the acknowledgement of the instrument. Upon proper subscription and acknowledgement, the plat shall be recorded in the office of the county recorder.

It is readily apparent that the plat was signed and acknowledged by Dundee's president and secretary in accordance with R.C. 711.06 and that its recording vested in the city fee title to the land designated or intended for streets and other public uses. *Bayer v. North College Hill* (1986), 31 Ohio App. 3d 208. Although the plat may not have complied with the provisions of R.C. 711.09, the lack of compliance did not prevent Dundee from filing the plat. The city's reservation of acceptance of the facilities is designed to ensure that construction of the facilities complies with the city's specifications and requirements. It does not, however, condition the transfer of fee title to the land which is accomplished upon the recording of the plat in compliance with R.C. 711.07.

We accordingly conclude that fee title to the streets of Tree Ridge Subdivision vested in the city upon the plat's filing in the recorder's office. The first assignment of error is well-taken and is hereby sustained.

In their second assignment of error, appellants claim that the court erred by issuing a permanent injunction prohibiting the city from narrowing or vacating any portion of Lakefield Drive.

Municipal corporations are legislatively empowered to vacate a public street. See *Eastland Woods v. Tallmadge* (1983), 2 Ohio St.

3d 185, 188. An owner of property abutting a public street which is sought to be vacated may seek an injunction to prevent the vacation of a public way. *Id.* at 186. Injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot. *Garono v. State* (1988), 37 Ohio St. 3d 171, 173.

In the case at bar, the court issued a permanent injunction upon determining that fee title to Lakefield Drive had not vested in the city. The effect of the trial court's permanent injunction is to perpetually prohibit the city from ever vacating a portion of Lakefield Drive at any point in the future even if there is good cause for vacating or narrowing the street and the vacation would not be detrimental to the public general interest.

A preliminary injunction, as opposed to a permanent injunction, is not a final remedy for the litigant; it merely serves to preserve the court's ability to grant effective relief after a determination of the merits. *Kornylak Corp. v. Alpha Technical Services, Inc.* (Feb. 18, 1986), Butler App. No. CA85-03-018, unreported. Although the city received fee title to Lakefield Drive once the plat was filed in the recorder's office, the trial court never determined whether the city has good cause for vacating Lakefield Drive and whether the attempted vacation is detrimental to the general interest. Until such time as the court decides these issues, a preliminary injunction should adequately protect Dundee's interest and preserve the trial court's ability to grant effective relief. For these reasons, we find that the second assignment of error should be sustained and that a preliminary injunction should be issued enjoining the city from vacating any portion of Lakefield Drive until a final adjudication is rendered regarding the merits of the attempted vacation.

In their final assignment of error, appellants contend that the trial court erred in permitting Dundee to submit a new plat which revises the initial plat submitted on September 6, 1988. Given our disposition of the previous assignments of error, we also find this assignment to be well-taken. While Dundee may submit a new plat to the city, the city cannot be required to accept the new plat unless the attempted vacation is determined to be without good cause or detrimental to the public's general interest.

In conclusion, we reverse the decision of the trial court and the permanent injunction issued against the city and remand the matter for a determination of whether the city acted in a manner consistent with R.C. 723.05 in vacating the disputed portion of Lakefield Drive.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

JONES, P.J., HENDRICKSON and YOUNG, J.J., concur.

---

[1] R.C. 723.05 provides that:

"When, in the opinion of the legislative authority, there is good cause for vacating or narrowing a street or alley, or any part thereof, and that such vacation or narrowing will not be detrimental to the general interest, it may, by ordinance and without petition therefor, vacate or narrow such street or alley or any part thereof."