DECISION
Plaintiffs-appellants, William Siebert, Jr., C. Vivien Siebert, Ivoree A. Rice, Evelyn Harper, and George Hyland, appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motions of defendants- appellees, Columbus and Franklin County Metropolitan Park District ("Metro Parks") and City of Columbus ("city").
The facts underlying plaintiffs' action are largely undisputed. In 1968 the city entered into an agreement to purchase plaintiffs' properties ("the properties") in connection with the city's plan to build a dam on Big Darby Creek. The city then leased the properties back to plaintiffs on a year-to-year basis pursuant to lease agreements containing the following provision concerning termination of the leases:
 Should the Council of the City of Columbus determine that the above described premises are needed by the Lessor for any public purpose, the said City of Columbus, Lessor herein, may terminate the lease herein granted or any renewal thereof by giving 180 days notice * * *.
The reference to "any public purpose" apparently was inserted to allow the city to terminate the leases when the Big Darby Dam project required the properties. The city, however, was enjoined from proceeding with the dam in 1978. See Columbus v. Teater (1978), 53 Ohio St.2d 253. The leases thus were not terminated but remained in effect.
In 1998, the city sold the properties to Metro Parks, which expressed its intent to use them as a public park; by Ordinance No. 3223-98, the Columbus City Council ("city council") stated the sale was in connection with a public purpose. In transferring title of the properties to Metro Parks, the city also assigned plaintiffs' leases to Metro Parks. By Resolution No. 2954, Metro Parks subsequently determined purchase of the properties was in connection with a public purpose and gave plaintiffs the required one hundred eighty-day notice for termination of the leases. At the same time, Metro Parks also offered plaintiffs modified, month-to-month leases.
On April 26, 1999, some of the plaintiffs filed a complaint, and then with an additional plaintiff, filed an amended complaint against the city and Metro Parks, alleging (1) the city was in violation of the lease agreements by selling the properties to Metro Parks, (2) Metro Parks not only refused to honor the terms of the leases, but attempted to modify the leases, (3) the leases could not be subsequently unilaterally modified, and (4) the lease agreements were an integral part of the consideration referred to in the deed originally transferring the properties to the city. Plaintiffs asked for rescission of the purchase contract and restitution of the properties. Defendants moved for summary judgment, contending the doctrine of merger by deed rendered the lease agreements inoperative. The trial court agreed and granted summary judgment. Plaintiffs assign the following errors:
 I. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFFS/APPELLANTS ON ALL THREE COUNTS OF THEIR COMPLAINT BASED UPON THE LEGAL THEORY OF MERGER BY DEED.
 II. THE COURT ERRED IN FINDING THAT NO GENUINE ISSUES OF MATERIAL FACT EXIST WHICH NEED TO BE DETERMINED.
 III. THE COURT ERRED IN DETERMINING AS A MATTER OF LAW THAT, BECAUSE THE DEEDS OR ENTRIES VESTING TITLE IN APPELLEE CITY OF COLUMBUS DID NOT CONTAIN ANY REVERSIONARY INTEREST, THE PLAINTIFFS-APPELLANTS DID NOT HAVE A RIGHT TO RECESSION OF THE PURCHASE CONTRACT BASED UPON THE THEORY OF MERGER BY DEED.
Underlying all three of plaintiffs' assignments of error is the fundamental argument that the lease was not purged by the "merger by deed" doctrine, the city and Metro Parks breached the leases, and plaintiffs are entitled to recover for the breach. Accordingly, we discuss all three assignments of error jointly, addressing the core issue: whether the leases were breached.
At oral argument, plaintiffs acknowledged that the city had the right to sell the properties. Further, plaintiffs cannot seriously dispute that the properties were sold for a public purpose. "The determination of what constitutes a public purpose is primarily a legislative function, subject to review by the courts when abused, and the determination of the legislative body of that matter should not be reversed except in instances where such determination is palpably and manifestly arbitrary or incorrect." State ex rel. McClure v. Hagerman (1951), 155 Ohio St. 320,325; Gordon v. Rhodes (1951), 156 Ohio St. 81, 92. Accordingly, a municipality has broad discretion in determining what constitutes a public purpose. Willott v. Beachwood (1964), 175 Ohio St. 557.
By Ordinance No. 3223-98, the city approved the sale of the properties to Metro Parks, determining that the properties were "excess property no longer needed by the Division of Water." The ordinance stated that Metro Parks sought to purchase the property to add to "its park system and control uses of the property in order to preserve Big Darby Creek." The city council further stated that "an emergency exists in the usual daily operation of the Department of Public Utilities in that the sale of these properties to Metropolitan Park District is immediately necessary, thereby preserving the public health, peace, property, safety and welfare * * *." To ensure the lands were put to the public use contemplated, the city council added a clause stating that if the properties were sold at anytime during the next ten years, the city would be entitled to one-half of the profit derived from such sale.
Apart from the public purpose evident in the properties' use as a public park, we note the city sold the properties to Metro Parks for an approximate profit of eight hundred percent. Well-settled Ohio law states that land "held by the municipality in trust for public use, where the designated use is no longer practicable, the city may sell the land and use the proceeds for the public benefit." Bayer v. City of North CollegeHill (1986), 31 Ohio App.3d 208, 211, citing Babin v. Ashland (1953),160 Ohio St. 328, 337. Here, the designated use of the properties was no longer practicable, as the city was enjoined from constructing the dam at Big Darby Creek. Given the foregoing, coupled with the level of deference given to legislative bodies to determine what is a public purpose, as a matter of law the properties were sold pursuant to a public purpose.
Moreover, the city council had the right to assign plaintiffs' leases to Metro Parks, as the leases provided that they "shall inure to the benefit of the Lessor, its successors and assigns." An assignment is a transfer of property or of some right or interest from one person to another which causes to vest in another his or her right of property or interest in property. Aetna Cas. Sur. Co. v. Hensgen (1970),22 Ohio St.2d 83, paragraph three of the syllabus. An unqualified assignment transfers to the assignee all the interest of the assignor in and to the thing assigned. Pancoast v. Ruffin (1824), 1 Ohio 381. An assignee "stands in the shoes of the assignor * * * and succeeds to all the rights and remedies of the latter." Inter Ins. Exchange v. Wagstaff
(1945), 144 Ohio St. 457.
The city assigned the leases to Metro Parks on January 5, 1999. The Assignment and Assumption of Leases stated the city assigned to Metro Parks "all of Assignor's right, title and interest in * * *" the properties. Moreover, the assignee, Metro Parks, agreed to assume and perform all of the obligations of the assignor, the city, under the leases. The only exception was a provision relating to the holding and return of any security deposits. The city having assigned the leases and all rights under those leases to Metro Parks, Metro Parks had the authority to terminate the leases pursuant to their terms. Metro Parks terminated the leases according to their terms, giving notice to plaintiffs on February 15, 1999, that the leases would be terminated on December 31, 1999.
As a result, even if the doctrine of "merger by deed" is inapplicable, as a matter of law the lease agreements were not breached. Accordingly, plaintiffs' first, second, and third assignments of error are overruled, and the judgment of the trial court is affirmed.
TYACK and BROWN, JJ., concur.