[Cite as *Dulebohn v. Waynesfield*, 2020-Ohio-4340.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

DIANA G. DULEBOHN, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO. 2-20-05

    v.

VILLAGE OF WAYNESFIELD, OHIO,
ET AL.,

                       O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2018 CR 0109

**Judgment Affirmed**

Date of Decision: September 8, 2020

APPEARANCES:

    *R.C. Wiesenmayer* for Appellants

    *Richard T. Reese* for Appellee, Village of Waynesfield

    *Zachary D. Maisch* for Appellee, Michael & Beverly Ridenour

Case No. 2-20-05

**SHAW, P.J.**

{¶1} Plaintiffs-appellants, Diana[1] Dulebohn and William Dulebohn, et al. (collectively, "appellants"), bring this appeal from the January 23, 2020 judgment of the Auglaize County Common Pleas Court denying their claim for the vacation of a platted, but unimproved alleyway owned by defendant-appellee, Village of Waynesfield ("Waynesfield").[2]  In the same entry, the trial court determined ownership and use rights related to a .235 acre parcel directly south of the platted, unimproved alleyway, which contained land that had been mistakenly paved by Waynesfield as an alleyway.  Defendants-appellees Michael Ridenour and Beverly Ridenour ("the Ridenours"), claimed that the .235 acre parcel was owned by them, Waynesfield claimed in a motion for summary judgment that the village owned the land by adverse possession, and appellants claimed at least a prescriptive easement over the .235 acre parcel due to the fact that it had been used as an alleyway for over 21 years.  On appeal, appellants argue that the trial court erred by failing to hold a hearing regarding vacating the platted, unimproved alleyway pursuant to R.C. 723.09, that the trial court erred by granting Waynesfield adverse possession of the paved alleyway when Waynesfield never raised the issue in its pleadings, and that

---

[1] We note that the trial court's judgment entry styles the appellant's first name as "Diane" but her own filings state her first name as Diana.
[2] In addition to Waynesfield itself, appellees consist of Waynesfield's mayor in his official capacity and members of the village council.

-2-

summary judgment was not appropriate in this matter because genuine issues of material fact existed.

*Background*

{¶2} Approximately one hundred years ago, Waynesfield platted the "Crown Hill Addition" to the village. Part of this addition included a 16-foot alleyway running east to west, just south of Mulberry Street; however, the platted alleyway was never improved by Waynesfield.

{¶3} Unfortunately, in 1988 Waynesfield paved a strip of land directly south of, and contiguous to, the original platted alleyway. This mistake was uncovered during a 2018 survey. The paved strip of land was on a portion of .235 acres that was claimed to be owned by the Ridenours. The paved alleyway was not often used other than by the adjacent landowners to get to and from their properties. After being informed that the alleyway was in the wrong place, the village council passed a resolution to move the alleyway to its correct place.

{¶4} Appellants are primarily a group of landowners on the north side of the original platted, but unimproved alleyway.[3] They initially filed a petition to vacate the platted, but unimproved alleyway with the village council pursuant to R.C. 723.04, but later dismissed this petition while the current litigation was ongoing. The current litigation began on August 17, 2018, when appellants filed a "Complaint

---

[3] One appellant was a landowner on the south side of the improved alleyway, owning land adjacent to the Ridenours, but the remaining appellants were on the north side of the platted, but unimproved alleyway.

to Quiet Title (Adverse Possession), Declaratory Judgment, Prescriptive Easement, Temporary Injunction, Preliminary Injunction, Permanent Injunction, and Damages" against Waynesfield and the Ridenours. The Ridenours owned land abutting the southern portion of the platted alleyway.

{¶5} In appellants' complaint, they essentially claimed that they had adversely possessed the platted, but unimproved alleyway abutting each of their individual properties, that the village had abandoned the platted, but unimproved alleyway, and that appellants had adversely possessed at least a prescriptive easement over the improved alleyway. Appellants also were requesting at the time, *inter alia*, that the village council be required to conduct an open hearing on their petition to vacate the platted alleyway that they had filed with the village.

{¶6} Waynesfield filed an answer on behalf of itself, the city council members, and the mayor in his official capacity.[4] Waynesfield argued, *inter alia*, that it had not abandoned the platted, but unimproved alleyway, and that in any event appellants could not claim abandonment of government land or that they had adversely possessed government land.

{¶7} The Ridenours, acting in their personal capacity, filed their own answer denying the appellants' allegations and asserting a counterclaim. In the

---

[4] Michael Ridenour was also the mayor of Waynesfield at the inception of this case; however, that changed before summary judgment was determined and the new mayor was substituted so that Michael Ridenour was only involved in his personal capacity as a landowner.

counterclaim, the Ridenours sought an order quieting title pursuant to R.C. 5303.01, to the .235 acre parcel, which they claimed was theirs. The Ridenours claimed they were the rightful owners of the strip of land that included the paved alleyway pursuant to a survey and that they should be declared the owners of the parcel.

{¶8} The case proceeded through discovery and motion practice.[5] After the appellants' claim seeking to have the village council hold a hearing on their petition to vacate the alleyway was dismissed by the trial court as an improperly filed writ, appellants filed an amended complaint seeking primarily what they had previously sought, namely that Waynesfield vacate the platted, unimproved alleyway because it had been abandoned, or in the alternative, that appellants be declared owners of the platted, unimproved alleyway by adverse possession. Appellants also claimed a prescriptive easement over the adjoining property with the actual paved alleyway. Both parties filed answers again denying appellants' claims.

{¶9} On November 15, 2019, Waynesfield filed a motion for summary judgment arguing that appellants could not assert adverse possession or abandonment against the government or a political subdivision, citing as support *Houck v. Bd. Of Park Commrs. of the Huron Cty. Park Dist.*, 116 Ohio St.3d 148, 2007-Ohio-5586, ¶ 18 ("The general rule is that adverse possession does not apply against the state."). Waynesfield also cited a decision from this Court wherein we

---

[5] A number of depositions were apparently taken, though only one was filed in the record.

determined that an alley had not been abandoned by a village when an active storm sewer and water line traversed the alley. *Anderson v. Village of Alger*, 3d Dist. Hardin No. 6-98-10, 1999-Ohio-777. Waynesfield attached maps and affidavits indicating that the land in question in this case was crossed by a sanitary sewer system that ran north to south, bisecting the east to west platted, but unimproved alleyway. Thus Waynesfield contended that appellants could not succeed on their claims for adverse possession or abandonment because Waynesfield exercised some dominion over the platted, but unimproved alleyway. Moreover, Waynesfield made the claim for the first time that it was the rightful owner of the *paved* alleyway—on the land the Ridenours claimed to own and were seeking quiet title for—due to Waynesfield's open and notorious possession of the land through the pavement and utilities.

{¶10} On November 18, 2019, the Ridenours filed their own motion for summary judgment. Notably, in their motion, the Ridenours supported Waynesfield's claims regarding appellants' inability to establish adverse possession and prescriptive easement against a political subdivision.

{¶11} On November 26, 2019, appellants filed a memorandum contra to the summary judgment motions. Appellants emphatically contended that pursuant to R.C. 723.09, a hearing was required on their complaint for Waynesfield's vacation of the platted but unimproved alleyway. Moreover, appellants argued that, contrary

to Waynesfield's claims and affidavits, the sewer line actually was only on the .235 acre parcel and then the sewer lines ran north and south through another alleyway or street. Thus appellants contended that the sewer line did not bisect the platted, but unimproved alleyway. In other words, appellants argued that the sewer system did not actually cross any land to which they were claiming abandonment.

{¶12} Next, appellants argued that Waynesfield was not entitled to adverse possession of the improved alleyway because Waynesfield had filed no pleadings requesting that it be granted adverse possession despite Waynesfield's argument in its summary judgment motion; however, later in the memorandum, appellants expressed their agreement that if the claim was allowed Waynesfield owned the improved, paved alleyway through adverse possession. Finally, appellants argued that they had, at the very least, adversely possessed the unimproved, platted alleyway where landowners had erected permanent fixtures into the alley, and that they had acquired a prescriptive easement over the improved alleyway.

{¶13} The Ridenours filed a response to Waynesfield's motion for summary judgment also contending that Waynesfield had no claim pending for adverse possession of the paved, improved alleyway, and that Waynesfield could not establish exclusive use since the Ridenours had exercised dominion over the improved alleyway by using it to get to and from their property.

{¶14} The Ridenours also filed a reply to appellants' memorandum contra, stating that the Ridenours felt that "even though [the Ridenours] believe strongly that [appellants] cannot prove their case," a hearing was required on appellants request for Waynesfield to vacate the alleyway pursuant to R.C. 723.09.

{¶15} On January 23, 2020, the trial court filed an entry regarding the pending motions for summary judgment. In its findings of fact, the trial court determined that there were "three" parcels of real estate involved in this litigation consisting of the 16 foot platted but unimproved alley, the "16 foot-wide improved alley which was owned by the Defendants Ridenour and was paved by the Village," and a .235 acre parcel that was subject to village owned sewer lines by easement. (Doc. No. 133). In its entry, the trial court determined that as a matter of law appellants could not adversely possess the platted, but unimproved alleyway, except to the extent they had permanent structures built on the land. The trial court found that the evidence was undisputed that one appellant had a garage built onto a couple feet of the unimproved alleyway and that specific appellant would be granted adverse possession of that specifically occupied land, but the remaining claims of the appellants for adverse possession were denied. Further, the trial court determined that Waynesfield had not abandoned the platted, but unimproved alleyway because of the active sewer lines running north to south underneath of the property.

Case No. 2-20-05

{¶16} The trial court also ruled as follows with regard to the Ridenours' interests.

> **It is the ruling of this Court that the Ridenours still own the land that they previously owned which was improperly paved by the Village in 1998. [sic] Since this was platted as an alley, the Village and the public have access as a right-of-way and easement and the Court so rules. Also, they have used it as a right of way for over 21 years and therefore are entitled to an easement by adverse possession. Equity requires that the Ridenour's [sic] maintain their access to their garage. But since the public has been using it, and the Village has used part of the parcels in question for utility purposes, the Court will grant an easement for utility purposes and right-of-way of the public by adverse possession to the Village but not ownership or any other rights.**

(Doc. No. 133).

{¶17} Finally, the trial court issued the following ruling regarding Waynesfield's "Claim as to .235a, parcel in dispute." (*Id*.)

> **All the parties have asked the Court to grant ownership to this parcel by adverse possession. The Plaintiffs maintain that Defendants Ridenour claimed ownership of this parcel and that they quitclaimed title to the Village.[6] The various Affidavits establish that the Village has utilities located on the parcel. The Village has demonstrated without factual dispute that they have public utilities located on this parcel and that the public has benefited from this use. No other parties have demonstrated a higher purpose or need for the use of this parcel. Municipalities have the right to this parcel for utility purpose. Therefore, the Village is granted their relief to acquire use by adverse possession of this property. The claims of the other parties to this parcel are denied, as they have failed to establish a right except as to claimed**

---

[6] Appellants continued to make this claim on appeal but we see nothing in the record to support this accusation that the Ridenours quitclaimed the land to Waynesfield; rather, the record reflects that the Ridenours filed a quitclaim deed granting the land to themselves.

-9-

**adverse possession, which is not allowed as to municipalities such as the Village herein.**

**The Ohio Supreme Court has held that Municipalities may acquire land by adverse Possession [sic].** *State ex rel AAA Investments v. City of Columbus*, **17 Ohio St.3d 151 (1985). This conclusion was reached in** *Stanley v. Schwalby*, **147 U.S. 508, 13 S.Ct. 418 (1893). The Village must demonstrate by clear and convincing evidence, exclusive use for 21 years, which must be open and notorious. Therefore, it is clear that the Village has established it's [sic] claim for adverse possession for this .235 acre parcel only.**

(Doc. No. 133).

{¶18} In conclusion, the trial court determined, "IT IS THEREFORE ADJUDICATED AND DECREED that the Village is granted Judgment in favor of it's [sic] claims of adverse possession and prescription as set forth herein, except that Plaintiffs and Ridenours are granted an easement for access to their garages and parcels adjacent thereto." (*Id.*)

{¶19} Appellants bring the instant appeal from the trail court's judgment, asserting five "assignments of error" for our review; however, all of the arguments are contained together in the appellants' brief, rather than argued separately.

**Assignment of Error No. 1**
**The Trial Court errored [sic] by not granting the Plaintiffs' a court hearing as provided in ORC §723.09 to determine what will conduce to the general interests of the municipal corporation.**

**Assignment of Error No. 2**
**The Trial Court errored [sic] in deciding material issues of fact contrary to the Summary Judgment statutory requirements when it ruled that Plaintiffs had requested the Motion for Summary**

**Judgment. The burden of proof was with the Defendants who had filed for Summary Judgment, and the Court ruled as though it was the Plaintiffs' responsibility to move forward.**

**Assignment of Error No. 3**
**The Trial Court errored [sic] when it ruled that there were no material issues of fact to be resolved and the Court could decide the case as a matter of law only.**

**Assignment of Error No. 4**
**The Trial Court errored [sic] when it granted judgment to the village of Waynesfield on a Claim of Adverse Possession and Prescription which was never a part of the pleadings filed by the Village of Waynesfield.**

**Assignment of Error No. 5**
**The judgment of the Trial Court is against the manifest weight of the evidence and is contrary to the applicable law relevant to the issues of this case.**

{¶20} Before we address any of the "arguments" made by the appellants here, we note that their brief is not compliant with the appellate rules. Although the appellants list five assignments of error early in their brief under the heading "ASSIGNMENTS OF ERROR," they do not argue the assignments separately as required by App.R. 12(A)(2), which states, "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶21} The purpose behind the rule is to require the appellant to specifically identify the error the appellant claims occurred and the portion of the record that

supports the claim of error. *Cook v. Wilson*, 10th Dist. Franklin No. 05AP-699, 165 Ohio App.3d 202, 2006-Ohio-234, ¶ 15. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (7th Dist.2000).

**{¶22}** "Effective appellate advocacy includes a clear statement of a litigant's position on a specific issue." *Wilson* at ¶ 16. "Argument that is restricted to a single issue and is supported by authority is far more effective than a brief that combines multiple assignments of error on different points of law." *Id*. Appellate Rule 12(A)(2) recognizes this need for clarity and requires that assignments of error be argued separately. *Id*. "The failure to argue separately assigned errors is grounds for summary affirmance." *Id*. citing *Guerry v. Guerry*, Cuyahoga App. No. 77819, 2001 WL 1230830 (Oct. 11, 2001); *Helman, supra*, 139 Ohio App.3d at 239–240.

**{¶23}** Here, the entirety of the "argument" portion of appellants' brief contains six enumerated paragraphs, one of which merely contains the standard of review for summary judgment. The remaining enumerated "argument" paragraphs consist of approximately one total page of claims that are not directly connected to specific assignments or error. Appellants seem to expect this Court to place their arguments in their proper categories *and* expound upon arguments that they raise in as little as a declaratory sentence.

{¶24} Nevertheless, despite these procedural flaws, courts prefer to determine cases on the merits rather than on procedural default. Therefore, where appellants make clear arguments in the "argument" portion of their brief we will address them, without manufacturing assignments of error and arguments to support.

*Second, Third, Fourth, and Fifth Assignments of Error*

{¶25} Appellants' statement of their second, third, fourth, and fifth assignments of error all challenge the trial court's determination regarding summary judgment in this matter.

Standard of Review

{¶26} We review a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Thus, this Court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *See State ex rel. Sunset Estate Properties, L.L.C. v. Lodi*, 142 Ohio St.3d 351, 2015-Ohio-790, ¶ 6.

{¶27} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable

minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. Franklin, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

Analysis

{¶28} As stated previously, the "argument" section of appellants' brief contains six enumerated paragraphs, the first of which recites the summary judgment standard. Of the remaining five enumerated paragraphs, two, or arguably three, paragraphs essentially contend that the trial court erred in awarding Waynesfield summary judgment by determining that Waynesfield had not abandoned the platted, but unimproved alleyway.[7] Appellants contend that there were issues of fact regarding abandonment in this case because the sewer lines that

---

[7] Oddly, in appellants' brief at page 5, they state that they make no claim of adverse possession against Waynesfield. Perhaps they are indicating that they are no longer pursuing this claim but they clearly made this argument in their complaint.

purportedly bisected the platted, but unimproved alleyway were actually under another street running north to south owned by Waynesfield, thus the sewer lines never technically crossed the platted, but unimproved alleyway in question.

{¶29} Contrary to appellants' claims, Waynesfield presented the affidavit of Fred Rowe, an "Administrator of the Village of Waynesfield since 2010," who monitored and maintained Waynesfield's sanitary sewer line. (Doc. No. 118, Rowe Aff.). Rowe's affidavit declared that "A sanitary sewer line runs through an alley in a north-south direction of the Crown Hill Addition to the Village of Waynesfield between lots 10 and 11, owned by two of the Plaintiffs. * * * This sanitary sewer line traverses the alley south of West Mulberry Street in a north-south direction and proceeds to Perry Street." (*Id.*) Rowe's affidavit indicated that at all pertinent times the sewer line was active. Rowe's affidavit was accompanied by maps illustrating the location of Waynesfield's sanitary sewer lines, showing that the sewer lines ran north-south across the platted, unimproved alleyway.

{¶30} This Court has addressed the issue of abandonment of an alleyway previously in *Anderson v. Village of Alger*, 3d Dist. Hardin No. 6-98-10, 1999-Ohio-777. In *Anderson*, we recognized that in order for a street or alley to be abandoned by non-use, several requirements had to be met, including: 1) the alley has to be unused for at least twenty-one years; 2) all acts of enjoyment upon the property must have totally ceased for twenty-one years; and 3) the municipality must have

intended to abandon the street or alleyway. *Anderson* at * 2 citing *Nail & Iron Co. v. Furnace Co.*, 46 Ohio St. 544 (1889), paragraph two of the syllabus; *State ex rel. Stickles v. City of Maumee*, Lucas App. No. L-98-1143, 1999 WL 76095, *Fondriest v. Dennison*, 8 Ohio Misc. 75, 79, 219 N.E.2d 322 (1966) (street must be "utterly abandoned" for twenty-one years).

{¶31} In *Anderson*, we affirmed a trial court's determination that an alleyway was *not* abandoned where a storm sewer traversed the alley in a north-south direction. Although the alleyway in *Anderson* was in poor condition, and impassible, we determined, consistent with other authority, that " '[A] street or alley is not abandoned even if it is in bad condition, difficult to use, impassable at times, or if no work was done upon it, if the municipality has exercised *some* dominion over it.' " (Emphasis added.) *Anderson*, quoting *Fondriest,* 8 Ohio Misc. at 79; *Nail & Iron Co. v. Furnace Co.,* 46 Ohio St. at 548. In *Anderson* we determined that the presence of an active storm sewer and water line crossing the alleyway was sufficient use and dominion by the village to show that the alleyway had not been abandoned. The same rationale in *Anderson* is applicable here.

{¶32} Nevertheless, appellants contend that *Anderson* is factually distinguishable because the sewer line in *this* case actually ran under another street owned by Waynesfield, not directly under the platted, but unimproved alleyway according to the affidavit of James Hutson, one of the appellants. What appellants

ignore is that the alleyway was platted in 1918. The specific area platted for the alleyway, which ran in an east-west direction, is now crossed in a north-south direction by the sewer line as stated in the affidavit of Fred Rowe. Although appellants claim the sewer line crosses under a street, the original platted, but unimproved alleyway is crossed by the sewer line regardless if it now happens to be under a different street. Thus appellants' arguments regarding abandonment fail both factually and as a matter of law as Waynesfield has exercised *some* dominion over the alleyway through the sewer line.[8] *See Anderson*, *supra*.

{¶33} Next, in their brief, appellants seem to claim that the trial court used the wrong standard for reviewing summary judgment in its entry because the trial court stated at the outset of its entry that *appellants*, *Waynesfield*, *and the Ridenours* had filed for summary judgment when appellants had not actually filed for summary judgment. While this was a misstatement by the trial court, the trial court still clearly stated that defendants (Waynesfield and the Ridenours) had filed for summary judgment and there is no indication that the trial court applied the burdens of proof in the wrong manner here before awarding Waynesfield summary judgment against appellants regarding abandonment and adverse possession of the platted, but unimproved alleyway.[9] Therefore, for all of these reasons, we find that there are no

---

[8] Appellants no longer appear to be arguing adverse possession, but to the extent they would make this claim, it would also be defeated for the same reasons.

[9] Appellants attempt to cite a line in the trial court's entry wherein the trial court stated "The Plaintiff has failed to carry it's [sic] burden as to abandonment" as evidence that the trial court applied the wrong burden.

genuine issues of material fact here and that Waynesfield was entitled to judgment as a matter of law regarding abandonment. Thus appellants' stated second, third, fourth, and fifth assignments of error are overruled.[10]

*First Assignment of Error*

{¶34} Appellants' first stated assignment of error contends that the trial court erred by determining this matter without a hearing. Appellants argue that R.C. 723.09 required a hearing in this matter and thus the trial court's judgment must be reversed.

{¶35} Revised Code 723.09 reads as follows.

> **The court of common pleas may, upon petition filed in such court by any person owning a lot in a municipal corporation, for the establishment or vacation of a street or alley in the immediate vicinity of such lot, upon hearing, and upon being satisfied that it will conduce to the general interests of such municipal corporation, declare such street or alley established or vacated, but this method shall be in addition to those prescribed in sections 723.04 to 723.08, inclusive, and section 723.02 of the Revised Code.**

{¶36} Appellants argue that the preceding statute mandates a hearing in this matter when a litigant is seeking the vacation of an alleyway. By contrast,

_____

However, in context this paragraph speaks about how the non-moving party cannot rely merely on pleadings and unsupported allegations to defeat a summary judgment motion. The trial court was stating that Waynesfield had produced evidence that appellants had not countered to create a genuine issue of material fact here. Thus when the burden shifted, appellants did not meet that burden.

[10] To the extent that Waynesfield was awarded any adverse possession or prescriptive easements against the Ridenours that Waynesfield requested in its summary judgment motion but not its pleadings, it is unclear, as Waynesfield suggests, how appellants have standing to challenge that ruling. Appellants had requested to be able to use the improved alleyway, and they were granted this ability by prescriptive easement. Any other claims are outside of their ability to challenge as appellants are not impacted by them and the Ridenours did not appeal.

Waynesfield contends that R.C. 723.09 only requires a hearing if the trial court *is going to declare that the alley was vacated*. In other words, Waynesfield maintains that no hearing was required under the statute to maintain the status quo.

{¶37} Appellants support their argument that a hearing was required in this case by citing *Baker v. North College Hill*, 31 Ohio App.3d 208 (1st Dist.1986), wherein the First District Court of Appeals found that the trial court did not have documentary evidence before it necessary to *grant* the vacation of a street even when the city failed to respond to a summary judgment motion. Rather, a hearing had to be held on the matter as prescribed in R.C. 723.09.

{¶38} Waynesfield contends that appellants' reliance on *Baker* is misplaced because *Baker* contained a situation where the trial court did, in fact, vacate a street without a hearing pursuant to R.C. 723.09. In other words, under Waynesfield's view, the trial court in *Baker* did not maintain the status quo and thus R.C. 723.09 required a hearing.

{¶39} Notwithstanding Waynesfield's argument on this issue that no hearing was required to maintain the status quo, the trial court in this case was presented with summary judgment evidence in the form of maps and affidavits. Appellants seemed to primarily want a hearing to establish what was already presented in the form of James Hutson's affidavit, namely that the sewer line referenced by Waynesfield crossed under another street or alleyway rather than under the platted,

but unimproved alleyway in question. Hutson's affidavit stated, "The north-south alley referred to in the Affidavit of Fred Rowe, is actually referred to as Church Street and is an improved travelled hard-surface road for public use, as opposed to a dead-end alley. The sanitary sewer line lies within the said roadway of said alley and is not part of the east-west alley which is requested to be vacated as being abandoned." (Doc. No. 121, Hutson Aff.).

{¶40} However, as we have previously stated, the sewer line still plainly runs north-south across the alleyway that was platted in 1918, regardless of new roads or alleyways being built after that time. Thus there is no showing that any hearing or evidence here would have been necessary to rule on this issue because appellants could not legally establish abandonment. Under these circumstances, we cannot find that the trial court erred in this matter. Therefore, appellants' first assignment of error is overruled.

### Conclusion

{¶41} For the foregoing reasons, appellants' assignments of error are overruled and the judgment of the Auglaize County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**